431 So.2d 181 (1983)
Patsy L. FRYE, As Personal Representative of the Estate of William K. Frye, Deceased, Appellant,
v.
MANACARE LIMITED, a Limited Partnership, Appellee.
No. 82-1470.
District Court of Appeal of Florida, Second District.
April 8, 1983.
Rehearing Denied May 16, 1983.
*182 C. Robert Pickett of Dye, Cleary, Scott & Deitrich, P.A., Bradenton, for appellant.
Richard H. Bailey of Harllee, Porges, Bailey & Durkin, Bradenton, for appellee.
OTT, Chief Judge.
Appellant is the personal representative of the estate of a deceased limited partner in appellee, a limited partnership. Appellee sued appellant for declaratory relief as to whether an appraisal of the partnership she had submitted complied with or satisfied the requirements of a buy-out provision of the partnership agreement. Appellee prevailed on this issue, and appellant does not question that result on this appeal.
Appellant had filed a counterclaim, however, demanding an accounting of the partnership affairs to include a valuation of decedent's interest in the partnership in accordance with paragraph XX A(2)[1] of the partnership agreement, a determination of profits earned, repayment of decedent's capital contributions, and a share of any profits distributed after decedent's death.
The lower court entered an order denying appellant's claim for any accounting, stating that "the court finds that the Limited Partnership Agreement controls the rights of the parties upon the death of a limited partner and that said Agreement does not entitle the representative of the estate of the decedent to an accounting."
Paragraph XX of the agreement provides for numerous contingencies in case of a partner's death, including the procedure for valuation of the partnership assets as of the month of death of a partner for purposes of buying out any deceased partner's interest. The agreement is completely silent, however, as to the rights and obligations of a personal representative during the period between the partner's death and the closing of the buy-out of his interests. We find nothing in the partnership agreement controlling or denying appellant an accounting.
The agreement specifically states that it is to be construed "in conformity with the laws of the State of Florida relating to Limited Partnerships." We therefore turn to Florida's Uniform Limited Partnership Act to see if we find any help.
*183 Section 620.21(1), Florida Statutes (1981), provides:
On the death of a limited partner his executor or administrator shall have all the rights of a limited partner for the purpose of settling his estate, and such power as the deceased had to constitute his assignee a substituted limited partner.
(Emphasis supplied.) Paragraph XIV of the partnership agreement gives a partner the right to appoint a substitute upon approval by seventy-five percent of the partners. Appellant argues that section 620.21(1) together with paragraph XIV give her the power to appoint herself a substituted limited partner for all purposes. Paragraphs VIII B(1)(a) and (f) of the agreement give a limited partner the right to be repaid his contribution, to share in the profits, and to have a formal accounting from the general partners as to partnership affairs. Additionally, section 620.10, Florida Statutes (1981), gives a limited partner the right to share in profits and demand a formal accounting of partnership affairs. Therefore, appellant, as a substituted limited partner, would possess such rights.
Appellant's argument is unpersuasive because it ignores the buy-out provision which explicitly gives the partnership the right to purchase a deceased partner's share, thus prohibiting the transfer of decedent's interest to anyone other than the partnership. Therefore, we think appellant only possesses restricted "rights of a limited partner for the purpose of settling [decedent's] estate" under section 620.21(1). This would normally include carrying through with the buy-out process and participation as necessary until the completion of the buy-out or other settlement of the estate's interest in the partnership. A general partner testified that appellant received notification of all partnership meetings, was allowed to attend and vote, was provided with financial and tax information, and was generally treated as "any other," obviously meaning any other partner.
Whether the deceased partner's estate is to share in losses and profits as a right for the purpose of settling the estate was not before the trial court nor involved in this appeal. However, in the absence of special circumstances and subject to just allowances and deductions, the general rule is that where profits are made by the remaining partners or partner subsequent to the death of one of the partners through the use of partnership assets, the disposal of partnership property, or the operation of the firm business, the survivors are accountable therefor to the deceased copartner's legal representative. See generally Annot., 55 A.L.R.2d 1395 (1957); 8 Fla. Jur.2d Business Relationships § 610 (1978). Section 620.765, Florida Statutes (1981), a part of the Uniform Partnership Act, speaks to this subject, at least in part:
When a partner retires or dies and the business is continued under any of the conditions set forth in s. 620.76(1), (2), (3), (5), or (6) or s. 620.745(2)(b), without any settlement of accounts between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative, as against the persons or partnership, may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest or, at his option or that of his legal representative, instead of interest, the profits attributable to the use of his right in the property of the dissolved partnership.
The business of appellee is being continued without liquidation as set forth in section 620.76(1),[2] Florida Statutes (1981). We *184 therefore conclude that section 620.765 is applicable here by operation of section 620.585, Florida Statutes (1981), which applies the provisions of the Uniform Partnership Act to limited partnerships if not inconsistent with the Uniform Limited Partnership Act.
In conclusion, while we do not agree with appellant's contention that she became a substituted limited partner for all purposes, we conclude that the rights involved in settling the estate's interest together with section 620.765 at least give her the right to share in profits (or receive interest) pending consummation of the buy-out. Because the trial court's ruling did not necessitate a consideration of appellee's affirmative defenses of estoppel and "unclean hands," we will not consider them on appeal. They remain viable on remand.
We therefore hold that appellant's counterclaim for an accounting was wrongfully denied. The order is REVERSED and the case REMANDED for further proceedings consistent herewith.
BOARDMAN and LEHAN, JJ., concur.
NOTES
[1] Paragraph XX A(2) provides alternative appraisal methods to be utilized in arriving at a buy-out value of decedent's interest in the partnership.
[2] 620.76 Liability of persons continuing the business in certain cases

(1) When a new partner is admitted into an existing partnership, or a partner retires and assigns, or the representative of the deceased partner assigns, his rights in partnership property to two or more of the partners, or to one or more of the partners and one or more third persons, and the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership continuing the business.